UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MATTHEW KEYS, | ) | |
| | ) | Case No. 1:08-CV-204 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| City of Chattanooga, | ) | |
| KEVIN MOSES, | ) | |
| and HAMILTON COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Before the Court are motions for summary judgment filed by Defendants City of Chattanooga and Kevin Moses (Court File No. 21) and Hamilton County (Court File No. 26). Plaintiff filed late responses conceding summary judgment was appropriate on some claims, but contesting summary judgment on the Tennessee state law negligence claims against Defendants (Court File Nos. 32, 33). For the following reasons, the Court will **GRANT IN PART** and **DENY IN PART** the motions for summary judgment. All claims against Defendants City of Chattanooga and Hamilton County under 42 U.S.C. § 1983 will be dismissed. In addition, the claim of negligence against Defendant City of Chattanooga for any intentional acts by Defendant Kevin Moses will also be dismissed. However, the state law claims of negligence against Defendants City of Chattanooga and Hamilton County for the negligent acts of their employees will not be dismissed. The issue of whether Defendant Kevin Moses is individually liable under 42 U.S.C. § 1983 has not been challenged and will continue to trial.

**I.     RELEVANT FACTS**

Plaintiff Matthew Keys ("Plaintiff") was arrested by Chattanooga Police Officer Kevin Moses ("Moses") on or about August 26, 2007, and taken to the Hamilton County Jail to be booked on a charge of public intoxication. These charges were later dismissed. While Plaintiff and Moses were in the booking area of the Hamilton County Jail, Moses forced Plaintiff against a wall and onto a bench. Plaintiff contends Moses threw him down and choked him. Plaintiff asserts he immediately complained of severe back and side pain and the video of the events shows Plaintiff bending over, holding his back, and appearing to be in pain. After a period of time, an officer approached Plaintiff, appeared to search him, and took his belt and items from his pocket. During this search Jeff Williams ("Williams"), a Licensed Practical Nurse employed by Erlanger Medical Center who was working at Hamilton County Jail, briefly lifted Plaintiff's shirt and looked at his back. Plaintiff was then taken to a shower cell, where he remained until he was brought back to the general area for breakfast the following morning. At that time, Plaintiff reported his side was hurting and he thought he had broken ribs and requested immediate medical treatment. Corrections Officer Terry Slaughter ("Slaughter") documented the complaint and request and Slaughter reported a nurse, Don McClellan ("McClellan"), examined Plaintiff. Plaintiff denied being seen by a nurse. Plaintiff was released from the jail on bond approximately an hour later.

**II.   STANDARD OF REVIEW**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

2

(1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). That is, the moving party must provide the grounds upon which it seeks summary judgment, but does not need to provide affidavits or other materials to negate the non-moving party's claims. *Celotex*, 477 U.S. at 323. The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, and must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III.   DISCUSSION

Defendants City of Chattanooga and Hamilton County requested summary judgment on all claims against them.[1] The complaint charged Moses with arresting Plaintiff without probable cause and using excessive force. No motion for summary judgment has been filed on these claims. Plaintiff also alleged the City of Chattanooga violated his constitutional rights by failing to

---

[1] As discussed below, a claim against an officer in his official capacity is deemed a claim against the government entity. Since Moses did not file for summary judgment in his individual capacity, only claims against the City of Chattanooga and Hamilton County are analyzed.

adequately train Moses resulting in deliberate indifference to Plaintiff's rights. Plaintiff claimed Hamilton County failed to provide Plaintiff with medical attention. Finally, Plaintiff asserted negligence claims against both the City of Chattanooga and Hamilton County.

### A. Section 1983

To state a claim under 42 U.S.C. § 1983, the plaintiff must set forth "facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). A suit against a municipality involves a two-prong inquiry. *Cash v. Hamilton County Dep't of Adult Prob.*, 388 F.3d 539, 542 (6th Cir. 2004). The court must determine whether the plaintiff has been deprived of a constitutional right and whether the municipality is responsible for the violation. *Id.*

A suit against an official in his official capacity is construed as a suit against the governmental entity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68 (1989). Therefore, the claims against Moses in his official capacity are construed as claims against the City of Chattanooga. The doctrine of respondeat superior does not apply to § 1983 lawsuits. *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005). Plaintiff conceded neither the City of Chattanooga nor Hamilton County can be held liable under § 1983 solely on the theory of respondeat superior.

Inadequacy of police training can serve as the basis for liability under § 1983 only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). Plaintiff conceded he cannot show the City of Chattanooga had unconstitutional policies or customs or was deliberately indifferent to the rights of persons such as Plaintiff.

4

The Eighth Amendment prohibits cruel and unusual punishment, which includes failure to provide medical treatment. *Estelle v. Gamble*, 429 U.S. 97, 102-04 (1976). While the Eighth Amendment applies only to individuals convicted of crimes, its protection is extended to pretrial detainees through the Fourteenth Amendment Due Process Clause. *Weaver v. Shadoan*, 340 F.3d 398, 410 (6th Cir. 2003). Since § 1983 does not apply to claims based solely on respondeat superior, in order for Hamilton County to be liable, there must be a direct causal link between a municipal policy or custom and the alleged constitutional violation. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). Plaintiff must demonstrate "the unconstitutional policy or custom existed, that the policy or custom was connected to the county, and that the policy or custom caused his constitutional violation." *Napier v. Madison County, Ky.*, 238 F.3d 739, 743 (6th Cir. 2001). Plaintiff has not alleged a municipal action was the moving force behind his injury. Since the evidence, even viewed in the light most favorable to Plaintiff, does not support a finding of municipal liability under § 1983, summary judgment is appropriate for the § 1983 claims against Hamilton County.

As discussed above, the facts viewed in the light most favorable to the plaintiff would not support a jury verdict in favor of the plaintiff on the § 1983 claims against Hamilton County and the City of Chattanooga. Therefore, summary judgment is appropriate for those claims.

**B.    Negligence**

Plaintiff also appeared to allege negligence claims against the City of Chattanooga and Hamilton County. Both defendants contend they are immune from such claims and request summary judgment on that basis. Since the City of Chattanooga and Hamilton County are government entities, the Tennessee Governmental Tort Liability Act ("GTLA") determines whether

5

they are immune from suit. Tenn. Code Ann. § 29-20-201(a) ("all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of their functions"). Immunity from suit is waived for "injury proximately caused by a negligent act or omission of any employee within the scope of his employment" unless the injury arises out of enumerated exceptions. *Id.* § 29-20-205. A governmental entity retains immunity if the injury arises out of "false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of privacy, or civil rights." *Id.* § 29-20-205(2). In order to hold a governmental entity liable for damages, the court "must first determine that the employee's or employees' act or acts were negligent and the proximate cause of plaintiff's injury, that the employee or employees acted within the scope of their employment and that none of the exceptions listed in § 29-20-205 are applicable." *Id.* § 29-20-310(a).

Plaintiff alleged three possible negligent actions. First, the City of Chattanooga could be liable for its negligent action in failing to protect Plaintiff from the intentional tort of assault and battery by Moses. Second, Moses could have negligently injured Plaintiff. Finally, Hamilton County could be negligent in obtaining medical treatment for Plaintiff. There is no dispute as to whether the people with whom Plaintiff came into contact were acting within the scope of their employment. The Court will address each possible basis for liability in turn.

Governmental entities can be held liable for intentional torts not specifically enumerated in § 29-20-205(2) where a negligent act proximately causes injury to the plaintiff. *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 81 (Tenn. 2001); *McNabb v. City of Memphis*, No. 03-2334, 2004 WL

6

Case 1:08-cv-00204-CLC-SKL   Document 42   Filed 07/27/09   Page 6 of 9   PageID #: 249

2384958, *4 (W.D. Tenn. March 8, 2004) ("The decision in *Limbaugh* does not allow a governmental entity to be sued directly for the intentional torts of assault and battery; it merely removed governmental immunity for these intentional torts that are caused by a negligent act or omission of the governmental entity."). Thus, in order for the City of Chattanooga to be held liable for assault and battery, Plaintiff must demonstrate a negligent act or omission by the City of Chattanooga. Based on the record, Plaintiff has not shown any genuine issue as to the element of whether the City of Chattanooga acted negligently. Since there is no dispute as to the City of Chattanooga's actions, summary judgment is appropriate for this claim.

Plaintiff alleged a jury could find Moses acted negligently, rather than intentionally. In support of this theory, Plaintiff pointed to Moses's version of the events, in which he describes sitting Plaintiff down on the bench (Court File No. 25, Ex. 2, p.10). There is a dispute as to the material fact of whether Moses acted intentionally or negligently. If Moses acted negligently, the City of Chattanooga is not immune from liability for his actions if they proximately caused Plaintiff's injury.

Plaintiff alleged Hamilton County negligently failed to provide Plaintiff with medical care. While Hamilton County contended it provided medical treatment by having Williams look at Plaintiff's back shortly after the injury and McClellan see Plaintiff the morning after the incident, Plaintiff denied seeing McClellan and asserted the visual assessment of the injury by Williams was insufficient. There is a dispute as to whether Hamilton County acted negligently in obtaining medical treatment for Plaintiff. If Hamilton County employees negligently failed to obtain medical treatment for Plaintiff and this failure proximately caused Plaintiff's injuries, Hamilton County is not immune from liability.

The GTLA restores municipal immunity for civil rights claims. *Id.* § 29-20-205(2). Courts have interpreted the civil rights exception in the GTLA to include claims arising from federal civil rights laws such as 42 U.S.C. § 1983 and the United States Constitution. *Hale v. Randolph*, No. 1:02-cv-334, 2004 WL 1854179, *17 (E.D. Tenn. Jan. 30, 2004); *McKenna v. Memphis*, 544 F. Supp. 415, 419 (W.D. Tenn. 1982). Subdivision two is the intentional tort exception to the waiver of liability in § 29-20-205. The civil rights exception applies only where a plaintiff's civil rights have been intentionally violated and a separate negligent act by a governmental entity proximately causes injury to the plaintiff. *See Limbaugh*, 59 S.W.3d at 81. To the extent Plaintiff reasserted his federal civil rights claims under state law, the City of Chattanooga and Hamilton County are immune from suit. However, where Plaintiff asserted a negligent act by an employee of the City of Chattanooga or Hamilton County, the civil rights exception would not apply and they would not immune from suit. Thus, the civil rights exception does not immunize the City of Chattanooga and Hamilton County from negligent actions by their employees and summary judgment is not appropriate on Plaintiff's claims that Moses negligently injured him and Hamilton County employees negligently failed to provide adequate medical care.

Pursuant to the GTLA, the Court determines the City of Chattanooga is immune from any claims arising from intentional torts committed by Moses. The City of Chattanooga and Hamilton County are not immune from liability for injuries proximately caused by their employees' negligence. Therefore, summary judgment will be granted only as to the claims arising from Moses's alleged assault and battery of Plaintiff.

**IV.    CONCLUSION**

As discussed above, the Court will **GRANT** summary judgment on the claims against Hamilton County and the City of Chattanooga and Moses in his official capacity on the claims under 42 U.S.C. § 1983. The Court will also **GRANT** summary judgment on the negligence claim against the City of Chattanooga stemming from Moses's assault and battery of Plaintiff. The Court will **DENY** summary judgment as to the negligence claims against the City of Chattanooga and Hamilton County stemming from the negligent acts of their employees. The § 1983 claims against Moses in his individual capacity and the negligence claims against the City of Chattanooga and Hamilton County will proceed to trial.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**