UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| MATTHEW KEYS, | ) | |
|---|---|---|
| | ) | Case No. 1:08-CV-204 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| HAMILTON COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

The Court held a trial on October 5 and October 6, 2009. Half of the trial was a jury trial against Kevin Moses, the other half was a bench trial against the City of Chattanooga and Hamilton County, Tennessee. The Court granted the City of Chattanooga's motion for judgment as a matter of law (Court File No. 65) and the jury returned a verdict in favor of Kevin Moses (Court File No. 68). Thus, the only remaining issue is whether Plaintiff Matthew Keys ("Plaintiff") proved by a preponderance of the evidence Defendant Hamilton County, Tennessee ("Defendant") is liable for the state law claim of negligently failing to provide medical treatment.

The Court heard the testimony of witnesses and received exhibits. Pursuant to Fed. R. Civ. P. 52(a)(1), the Court now issues its findings of fact and conclusions of law, which explain why the Court will **ENTER JUDGMENT** for Defendant.

## I. FINDINGS OF FACT

After being found in the middle of a busy street after 1 a.m., acting intoxicated, Plaintiff was arrested by Chattanooga Police Officer Kevin Moses ("Moses") on or about August 26, 2007, and taken to the Hamilton County Jail to be booked on a charge of public intoxication. These charges

were later dismissed. Plaintiff was acting belligerently and, while Plaintiff and Moses were in the booking area of the Hamilton County Jail, Moses forced Plaintiff against a wall and onto a bench. Although no one knew it at the time, Plaintiff's vertebra was fractured. After the altercation, Plaintiff was clearly in pain and was holding his side.

Jeff Williams ("Williams"), a Licensed Practical Nurse employed by Erlanger Medical Center who was working at Hamilton County Jail, briefly lifted Plaintiff's shirt and examined at his back. Plaintiff did not request medical treatment and did not give any medical history. Williams examined Plaintiff for signs of blunt force trauma, such as bleeding or redness. According to Williams, if he had suspected Plaintiff's back was broken, he would have immediately transported Plaintiff to the emergency room. He saw no indications of serious injury and told Plaintiff to report any blood in his urine or other signs of internal trauma to staff. Williams further testified Hamilton County personnel did not direct Erlanger Medical Center employees.

Plaintiff was taken to a shower cell, where he remained until Corrections Officer Terry Slaughter ("Slaughter") arrived to process the booking paperwork the following morning. Plaintiff never requested medical attention until Slaughter arrived. At that time, Plaintiff reported his side was hurting and he thought he had broken ribs and requested immediate medical treatment. Slaughter documented the complaint and request and Slaughter asked a nurse, Don McClellan ("McClellan"), to examine Plaintiff. Slaughter then escorted McClellan to Plaintiff's cell. Plaintiff was released from the jail on bond and later had back surgery for his injuries. As confirmed by Plaintiff's treating physician, Dr. Paul Broadstone, his injury was not exacerbated by any delay in receiving medical treatment.

## II. CONCLUSIONS OF LAW

Plaintiff contends Defendant negligently failed to provide adequate medical treatment. Since Defendant is a governmental entity, the Tennessee Governmental Tort Liability Act ("GTLA") determines whether Defendant can be held liable. Tenn. Code Ann. § 29-20-201(a) ("all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of their functions"). Immunity from suit is waived for "injury proximately caused by a negligent act or omission of any employee within the scope of his employment" unless the injury arises out of enumerated exceptions. *Id.* § 29-20-205.

In order to hold a governmental entity liable for damages, the court "must first determine that the employee's or employees' act or acts were negligent and the proximate cause of plaintiff's injury, that the employee or employees acted within the scope of their employment and that none of the exceptions listed in § 29-20-205 are applicable." *Id.* § 29-20-310(a). The Court concludes the medical staff present at Hamilton County Jail were employed by Erlanger Medical Center and not Defendant. Since Williams and Don McClellan were not employees of Defendant, even if they were negligent, Defendant could not be held liable for their actions.

In order to establish negligence, the plaintiff must prove: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the applicable standard of care [a breach of the duty owed]; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, causation." *Power & Tel. Supply Co., Inc. v. SunTrust Banks, Inc.*, 447 F.3d 923, 932 (6th Cir. 2006). Officials have a duty to provide inmates with medical treatment if they are ill. Tenn. Code Ann. § 41-21-204(b). The term "inmate" has been defined to include "a person confined in [an]

institution such as a prison, poorhouse, or asylum." *Bryson v. State*, 792 S.W. 2d 252, 254 (Tenn. 1990); *see also Chattanooga-Hamilton County Hosp. Auth. v. Bradley County*, 249 S.W.3d 361, 366-68 (Tenn. 2008) (refining the obligation to provide medical treatment to "all prisoners confined in the jail"). As Plaintiff was being detained after his arrest, the Court finds he was an "inmate" under the statute and Defendant's employees had a duty to provide medical treatment. Based on the evidence submitted by Plaintiff, a case of negligence could be asserted against Defendant through three different theories. Plaintiff could show Defendant failed to treat Plaintiff, the treatment was ineffective, or Defendant delayed medical treatment. The Court concludes none of these theories supports a finding of liability.

Plaintiff's claim of failure to provide medical treatment is unsupported by the evidence. Since Plaintiff received medical treatment shortly after receiving his injury and when Slaughter saw him, Defendant can only be held liable if an employee negligently failed to provide medical treatment at any time between these two events. Plaintiff was placed in a cell soon after being examined by Williams and, despite being told by Williams to report any signs of trauma, did not alert Defendant's staff to any problems prior to seeing Slaughter, at which point he again received medical treatment. Any omission of medical treatment was not negligent since a reasonable person would be unaware Plaintiff needed treatment beyond what was provided by Williams. As no employee of Defendant was negligent in failing to provide medical treatment, Defendant cannot be held liable.

The second theory of liability is also unavailing. A claim of ineffective medical treatment would be controlled by the medical malpractice statute, Tenn. Code Ann. § 29-26-115(a), since "the decision, act or omission complained of required the assessment of a patient's medical condition and

4

. . . required a decision based upon medical science, specialized training, or skill." *Conley v. Life Care Ctrs. of Am., Inc.*, 236 S.W.3d 713, 729 (Tenn. Ct. App. 2007). Plaintiff has not asserted a claim under the medical malpractice statute and did not submit expert testimony showing the "recognized standard of acceptable professional practice." Tenn. Code Ann. § 29-26-115(a)(1). In addition, no employee of Defendant provided medical treatment to Plaintiff. Thus, even if the medical treatment provided failed to meet the proper standard of care, Defendant cannot be held liable.

Finally, Plaintiff has not shown any delay in receiving medical treatment caused by the negligence of Defendant's employees. Plaintiff received timely medical treatment after being injured and he received medical treatment after he requested it from Slaughter. There is no evidence to show a lay person would have recognized Plaintiff needed medical treatment beyond that provided by Williams after the altercation. Any delay in the receipt of further medical treatment was caused by Plaintiff's failure to bring his injury to the attention of Defendant's staff and not by their negligence.

Since Plaintiff has not proven negligence by any of Defendant's employees, Defendant cannot be held liable and Defendant is entitled to judgment in its favor.

### III. CONCLUSION

For the foregoing reasons, the Court will **ENTER JUDGMENT** for Defendant.

An Order shall enter.

                                        **/s/**
                                        **CURTIS L. COLLIER**
                                        **CHIEF UNITED STATES DISTRICT JUDGE**